

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00189-CV

REBECCA TERRELL AND CHANDRASHEKHAR THANEDAR, APPELLANTS

V.

PAMPA INDEPENDENT SCHOOL DISTRICT, APPELLEE

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court No. 35621, Honorable James M. Mosley, Presiding

January 9, 2019

OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellants, Rebecca Terrell and Chandrashekhar Thanedar, appeal the trial court's March 13, 2017 Judgment that appellants take nothing by their claims. Appellants alleged that appellee, Pampa Independent School District (PISD), committed violations of the Texas Open Meetings Act (TOMA) at twenty-two meetings occurring between August 13, 2008, and May 29, 2009. Appellants seek a declaration that all actions taken at these twenty-two meetings are void, "mandamus" relief to reinstate Terrell as a teacher with an award of back pay, a permanent injunction against PISD committing future

violations of TOMA, and a declaration that appellants substantially prevailed and are entitled to costs of litigation, attorney's fees, and special damages. We affirm the judgment of the trial court.

## Factual and Procedural Background

PISD hired Terrell as a teacher for the 2008-2009 school year on a probationary basis. At a meeting of the school board held on March 26, 2009, the board voted to terminate Terrell's probationary contract. Both Terrell and Thanedar attended this meeting and Terrell spoke out against the termination of her contract.

On May 29, 2009, appellants filed suit alleging eight violations of TOMA which allegedly affected each of twenty-two meetings held from August of 2008 through May of 2009. Because of these alleged violations, appellants sought to void all actions taken by PISD at these twenty-two meetings, including the termination of Terrell's probationary contract.

Physical notice for each of the twenty-two challenged meetings was posted to the inside of an external glass door of the administrative building for PISD in a manner in which the public could view them at any hour. These physical notices identified the date, time, and place of each respective meeting. Meeting notices were also posted to PISD's website. However, due to an issue arising from a transfer to a new website for PISD, notice of meetings were not posted on PISD's website from January to May of 2009. PISD was unaware of this issue until Thanedar brought it to the attention of Karen Linder, the secretary for PISD's superintendent. Upon learning that notices were not being

posted to the website, PISD immediately took actions to correct the issue, which were successful.

By their appeal, appellants present thirteen issues. Most of these issues allege specific violations of TOMA. We will address these allegations of specific TOMA violations and then will address any remaining relevant issues.

Standard of Review

When a trial court has issued findings of fact, challenges on the evidence should be directed to the specific finding rather than to the judgment as a whole. *Zagorski v. Zagorski*, 116 S.W.3d 309, 319 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g). An unchallenged finding of fact is binding on appeal. *Wade v. Anderson*, 602 S.W.2d 347, 349 (Tex. App.—Beaumont 1980, writ ref'd n.r.e.). Findings of fact have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When reviewing the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the challenged finding while disregarding all evidence and inferences to the contrary. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We also must remain mindful that it is for the factfinder to assess the credibility of the witnesses' testimony, assign the weight to be afforded that testimony, and to resolve inconsistencies within or conflicts amongst the testimony. *Id.* at 819-20.

A trial court's conclusions of law are reviewable only when attacked as erroneous as a matter of law and not when attacked for lack of sufficient evidence to support them. *Burtch v. Burtch*, 972 S.W.2d 882, 888 (Tex. App.—Austin 1998, no pet.). Conclusions of law should be upheld on appeal if the judgment can be sustained on any theory of law

supported by the evidence. *Tex. Dep't of Pub. Safety v. Stockton*, 53 S.W.3d 421, 423 (Tex. App.—San Antonio 2001, pet. denied).

## Law and Analysis

TOMA was enacted to assure that the public has the opportunity to be informed concerning the transaction of public business. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990). To effectuate this policy, TOMA requires every regular, special, or called meeting or session of every governmental body to be open to the public. *Id.* While these purposes must be met, the Texas Supreme Court has indicated that substantial compliance with TOMA's notice requirements is sufficient. *Cox Enters., Inc. v. Bd. of Trustees of the Austin Indep. School Dist.*, 706 S.W.2d 956, 958 (Tex. 1986) (citing *Tex. Turnpike Auth. v. City of Fort Worth*, 554 S.W.2d 675, 676 (Tex. 1977), and *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 646 (Tex. 1975)); *City of Laredo v. Escamilla*, 219 S.W.3d 14, 19 (Tex. App.—San Antonio 2006, pet. denied). Nonetheless, governmental actions taken in violation of TOMA are voidable. TEX. GOV'T CODE ANN. § 551.141 (West 2017); *Argyle Indep. School Dist. v. Wolf*, 234 S.W.3d 229, 247 (Tex. App.—Fort Worth 2007, no pet.).

To determine whether a governmental entity substantially complied with the requirements of TOMA, we look to whether the notice fairly identifies the meeting and "is sufficiently descriptive to alert a reader that a particular subject will be addressed." *Burks v. Yarbrough*, 157 S.W.3d 876, 883 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Our primary focus should be on whether the purposes of the statute were met by the governmental agency. *See City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d

4

762, 768 (Tex. 1991) (orig. proceeding) (posting sufficient because it fulfilled TOMA's purposes); *City of Laredo*, 219 S.W.3d at 19 ("Courts must be careful to ensure that the notice serves the core purpose of the Act" but "[i]f a 'reader' is given notice, the requirements of TOMA are satisfied and its purpose served."). Ultimately, we are not tasked with determining whether the governmental entity could have posted a better notice in a better manner; rather we are tasked with determining whether the notice was sufficient to notify the public of the meeting and its topics. *See City of San Antonio*, 820 S.W.2d at 768; *City of Laredo*, 219 S.W.3d at 19.

## Analysis

The Open Meetings Act generally requires that written notice of the date, time, place, and subject of each meeting held by a governmental body be posted in a place readily accessible to the general public at least seventy-two hours before the scheduled time of the meeting. *See* TEX. GOV'T CODE ANN. §§ 551.041, .043 (West 2017); *Wolf*, 234 S.W.3d at 247. "A school district shall post notice of each meeting on a bulletin board at a place convenient to the public in the central administrative office of the district." TEX. GOV'T CODE ANN. § 551.051 (West 2017). Further, a school district that maintains an internet website must concurrently post notice of each meeting on its website. *Id.* § 551.056(b)(3) (West 2017); *Wolf*, 234 S.W.3d at 247-48. However, a school district's failed good faith attempt to post a notice to its internet website is excused if the failure was due to a technical problem beyond the control of the school district. TEX. GOV'T CODE ANN. § 551.056(d).

5

Meetings may be closed if the subject of the meeting is to "deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee" or "hear a complaint or charge against an officer or employee." *Id.* § 551.074(a) (West 2017). However, the person who is the subject of the deliberation or hearing may request that the meeting be a public meeting. *Id.* § 551.074(b). When a meeting will be closed, the governmental body must first convene in a properly noticed open meeting during which the presiding officer announces that a closed meeting will be held while identifying the sections under which the closed meeting is being held. *Id.* § 551.101 (West 2017).

Appellants contend that the written notice that was posted at the PISD Administrative Building did not comply with TOMA because it did not sufficiently identify the place of the meetings. Appellants argue that PISD violated TOMA by including only a partial description of the place of the meetings, such as "Pampa High School," without identifying the meeting room, full street address, or name of the city. TOMA requires that the notice identify the "place" of the meeting. *See id.* § 551.041. While it would be more helpful if the notices in this case had identified the specific room in which the meetings were to be held, we deem these descriptions sufficiently specific to alert the public of the location of the school board meetings. *See Cox Enters., Inc.*, 706 S.W.2d at 959 (general notice is substantial compliance even though the notice is not as specific as it could be); *Lipscomb Indep. School Dist. v. Cty. School Trustees of Lipscomb Cty.*, 498 S.W.2d 364, 366 (Tex. App.—Amarillo 1973, writ ref'd n.r.e.) (substantial compliance with notice requirements sufficient). In addition, appellants did not establish that the lack of specificity regarding the place of the meetings prevented them or anyone else from attending any

6

of the challenged meetings. *See id.* at 366-367 ("There is no evidence that anyone who desired to attend the meeting failed to attend, nor is there any evidence that anyone who desired to attend was denied admittance."). Thanedar indicated that he was late in arriving to one meeting because the notice did not specifically identify the room in which the meeting was held. However, he further testified that he chose to leave without attempting to attend the meeting. As such, there was no evidence that the identification of the place of the meetings was so deficient that the notices failed to notify the general public of the place of the meetings.

Appellants also contend that PISD failed to post written notice for the March 26, 2009 school board meeting for at least seventy-two hours before the meeting. *See* Tex. Gov't Code Ann. § 551.043. Appellants appear to argue both that there is no evidence to support that the notice of the March 26, 2009 meeting was timely posted or that it identified that Terrell's probationary contract would be a subject at the meeting. *See id.* § 551.041. Karen Linder, secretary for PISD's superintendent, testified that she always posts notices of school board meetings at least seventy-two hours before the meetings and has done so throughout her career. This is clearly some evidence that supports the trial court's finding of fact that the notice was posted at the PISD administrative building more than seventy-two hours before the meeting. *See City of Keller*, 168 S.W.3d at 827. In addition, the notice itself indicates that it was posted by 5:00 p.m. on March 23, 2009. While Thanedar testified that he did not see the notice of the March 26, 2009 meeting posted at the PISD administrative building at 5:00 or 6:00 p.m. on March 23, 2009, we must disregard this evidence when applying the proper standard of review to appellants' contention. *See id.* at 811 (evidence can be disregarded whenever reasonable jurors

7

could do so, which is necessarily fact-specific). Further, the notice of the March 26, 2009 meeting clearly identifies that "[a]pproval and renewal of probationary contract employees" and "[a]pproval of termination of probationary contract employees" are subjects that were to be addressed at this meeting. Consequently, we conclude that there was evidence in the record that supports the trial court's determination that the notice of the March 26, 2009 meeting was posted at least seventy-two hours before the meeting and that it identified that Terrell's probationary contract would be addressed at the meeting.

Appellants also contend that Karen Linder was not authorized to sign and post meeting notices in her own name and in her individual capacity. Appellants contend that Linder's signing the notices violates TOMA because she is not "designated or authorized to post notice of a meeting . . . ." TEX. GOV'T CODE ANN. § 551.045(d) (West 2017). However, section 551.045 applies only to emergency meetings and appellants offered no evidence that any of the challenged meetings were called as emergency meetings. In addition, Linder testified that she is not only authorized but required by her job description to post notices. Appellants offered evidence that the board secretary is required to ensure that notices are properly posted. This evidence does not prove that Linder is not authorized to sign and post notices.

Appellants also contend that PISD did not post notices on a bulletin board in the central administrative office in the district. Appellants' contention is not that PISD did not post notices at the central administrative office but, rather, that the notices were not posted on a bulletin board that is housed within the administrative office. See TEX. GOV'T CODE ANN. § 551.051. PISD acknowledged that there is a bulletin board maintained within

8

the central administrative office but that, rather than posting notices of meetings there, it posted notices of meetings to the inside of a glass door at the central administrative office such that the notices could be read at any time. The trial court concluded that the postings on the front door constituted postings on a bulletin board that complied with TOMA. While it seems the more compliant approach would have been to simply post one copy of the notice to the front door and another to the bulletin board contained within the central administrative office, we conclude that PISD's postings of meeting notices to the front door of the central administrative office substantially complied with the requirements of TOMA.[1]

Next, appellants contend that PISD violated TOMA by failing to timely post notices of board meetings to its internet website. *See* TEX. GOV'T CODE ANN. §§ 551.043(b), .056. PISD concedes that it did not concurrently post meeting notices to its website for the period of January 15, 2009, through May 19, 2009, due to an oversight arising out of PISD hiring a third-party vendor to create and maintain a new website for the school district. Evidence that PISD timely and properly posted notices to the website for the period prior to January 15, 2009, was provided by Karen Linder. She testified as to the process she employed to post notices to the website and testified that she employed this process as to each of the twenty-two notices that are being challenged by appellants. This evidence is sufficient to support the trial court's finding that PISD timely posted notices to its website for the period of August 13, 2008, through January 15, 2009.

---

[1] In addition, "[t]here is no evidence that anyone who desired to attend the meeting failed to attend, nor is there any evidence that anyone who desired to attend was denied admittance." *See Lipscomb Indep. School Dist.*, 498 S.W.2d at 366-367.

When PISD hired SchoolCenter, a third-party vendor, to create a new website for the district, SchoolCenter failed to recreate a hyperlink on the website where the notices that Linder created using the Boardbook software were to be published. Since she continued to use the same process to create and post notices that she had used previously, Linder did not believe that she needed to check the new website to verify that the meeting notices were accessible through the PISD website. Unfortunately, because of the omission of the hyperlink, Linder's notices were not posted to the PISD website throughout the period from January 15, 2009, until May 19, 2009, when Thanedar notified Linder that the notices were not appearing on the website. The trial court found this to constitute a good faith attempt to comply with the internet posting requirements that excused PISD's failure to post notices to its website for the period of time between mid-January and mid-May of 2009. *See id.* § 551.056(d). Appellants contend that PISD did not meet the good faith exception because it did not establish that its failure to post meeting notices to the website was either a technical problem or was beyond the control of PISD. Evidence was admitted in the form of testimony from Suzie Jameson, PISD's Informational Technology Officer, that she instructed SchoolCenter to transfer all hyperlinks from the then-existing PISD website to the new website. Neither Linder nor Jameson was aware that SchoolCenter failed to transfer the hyperlinks until May of 2009 when Thanedar notified Linder that the notices were not posting to the website. The trial court impliedly found that this was a technical problem that was beyond PISD's control. We conclude that sufficient evidence was admitted to allow reasonable minds to conclude that SchoolCenter's failure to transfer hyperlinks was a technical problem. Further, the evidence is uncontroverted that, upon discovery of the missing hyperlinks, PISD

10

contacted SchoolCenter to have them correct the error. Consequently, evidence was admitted supporting the trial court's determination that PISD's failure to post meeting notices during the period between January 15 and May 19, 2009, was beyond the control of PISD. Therefore, there was sufficient evidence to support the trial court's determination that PISD made a good faith attempt to post meeting notices to its website between January 15 and May 19, 2009.

Appellants argue that any evidence about Boardbook or SchoolCenter should have been excluded as a discovery sanction against PISD. However, the exact nature of the claimed discovery abuse is unclear. It appears that appellants contend that PISD's failure to produce contracts with Boardbook and SchoolCenter obligates the trial court to exclude any evidence relating to either service provider. We fail to see the relevance of contracts with either of these providers, and we note that PISD did not attempt to offer these contracts into evidence during trial. All of the evidence that was relevant to issues with Boardbook and SchoolCenter was admitted through the testimony of Jameson and Linder, who were both subject to cross-examination by appellants. It appears that appellants are attempting to challenge the credibility of Linder and Jameson by arguing that PISD did not obtain services from Boardbook or SchoolCenter in the absence of contracts with these providers. However, the factfinder is tasked with assessing the credibility of witnesses. *See City of Keller*, 168 S.W.3d at 819-20. Clearly, in the present case, the trial court found Linder and Jameson credible and concluded that PISD met the good faith exception for failing to post internet notices during the period between January 15 and May 19, 2009.

Appellants additionally contend that Linder's and Jameson's testimonies are based on hearsay, bare assertions, and sham testimony and are barred and must be excluded. However, a review of appellant's objections at trial and arguments on appeal make clear that they confuse the legal concept of hearsay with these witnesses identifying the source for their personal knowledge of relevant facts. For example, appellants make much of the fact that Jameson testified that she had no connection with a "technical person" at SchoolCenter and that her information relating to SchoolCenter came from a salesperson. While this testimony likely had an effect on the trial court's assessment of the credibility of Jameson's testimony regarding any technical aspect of PISD's interaction with SchoolCenter, the fact that she had no contact with anyone at SchoolCenter that has specific technical knowledge is not hearsay and is not in any manner barred by the rules of evidence. Further, a witness's inability to remember particular information goes to the weight to be afforded the witness's testimony and does not constitute a bar to that testimony. Review of the testimony of Linder and Jameson reflects that appellant was fully able to elicit the limitations of their personal knowledge and identify the sources of their information. Consequently, we must conclude that the testimony of Jameson and Linder was properly admitted by the trial court.

Finally, appellants contend that PISD violated TOMA when it closed the March 26, 2009 meeting after Terrell requested that the meeting be open. *See* TEX. GOV'T CODE ANN. §§ 551.074(b), .101. The trial court concluded that there is no evidence that PISD failed to legally close the March 26 meeting. Our review of the record shows that Thanedar testified that PISD admitted that it did not cite the section of TOMA under which it closed the March 26, 2009 meeting at the time the meeting was closed. However,

PISD's admission was never offered during the trial. The trial court, as factfinder, was free to disbelieve Thanedar's testimony. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 768 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("As factfinder, the trial court is given great latitude to believe or to disbelieve a witness's testimony, particularly if the witness is interested in the outcome."). Appellants offered recordings of the March 26, 2009 meeting to show that the meetings were illegally closed but these recordings were excluded by the trial court on the bases of lack of foundation and hearsay. Appellants did not argue that these objections were inapplicable when raised and, on appeal, they simply state that the trial court abused its discretion in excluding this evidence. Our review of the arguments presented culminating in the trial court's ruling to exclude these recordings does not reflect that the trial court abused its discretion. Appellants did not lay a proper foundation for admission of these recordings and these recordings are hearsay. As such, we conclude that appellants have not established that PISD violated TOMA by improperly closing the March 26, 2009 meeting.

Appellants' remaining issues relate to the damages to which they claim to be entitled. Appellants contend that they substantially prevailed in this case and are entitled to voidance of actions taken by PISD at each of the challenged meetings and an award of "special damages" including opportunity costs, costs of litigation, and attorney's fees[2] related to this case. However, all of the damages claimed by appellants would require, at least, a showing that PISD violated TOMA. As we have concluded above, appellants have failed to meet their burden to prove that PISD violated TOMA as to any of the twenty-

---

[2] We note that appellants have represented themselves at all stages of this case and, therefore, have not incurred attorney's fees in prosecuting this action.

two challenged meetings and, therefore, appellants have failed to establish that they are entitled to any damages in this case.[3]

Conclusion

Having determined that appellants have not met their burden to prove entitlement to any of their requested relief, we affirm the judgment of the trial court.


Judy C. Parker
Justice

---

[3] We wish to clarify that we are not addressing whether such relief would be appropriate if a plaintiff in a TOMA case were to prevail.