

# NUMBER 13-19-00311-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF BROWNSVILLE, TEXAS,
TONY MARTINEZ, ROSE M. Z. GOWEN,
RICARDO LONGORIA JR., JOEL MUNGUIA,
BEN NEECE AND JESSICA TETREAU,
IN THEIR OFFICIAL CAPACITIES ONLY,                    Appellants,

v.

BROWNSVILLE GMS, LTD. AND
MICHAEL BENNETT,                                      Appellees.

On appeal from the 445th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION DISSENTING TO DENIAL OF MOTION FOR EN BANC RECONSIDERATION

Before the Court En Banc
Dissenting Memorandum Opinion by Justice Benavides

On May 6, 2021, a majority opinion of this Court reversed and remanded a temporary injunction at the behest of appellants, the City of Brownsville, Texas, Tony Martinez, Rose M. Z. Gowen, Ricardo Longoria Jr., Jessica Tetreau, Joel Munguia, and Ben Neece, in their official capacities as members of the Brownsville City Commission (the City). *See City of Brownsville v. Brownsville GMS, Ltd.*, No. 13-19-00311-CV, 2021 WL 1804388, at *1 (Tex. App.—Corpus Christi–Edinburg May 6, 2021, no pet. h.) (mem. op.). I dissented. *See id.* at **9–28.

Currently before the Court is a motion for en banc reconsideration filed by appellees Brownsville GMS, Ltd. and Michael Bennett. *See* TEX. R. APP. P. 49.7. The Court has denied appellees' motion for en banc reconsideration. Again, I dissent.

## I. INTRODUCTION

This case arises from the City's alleged failure to comply with the Texas Open Meetings Act (TOMA) and Chapter 252 of the Texas Local Government Code concerning the City's award of a commercial waste disposal contract. *See* TEX. GOV'T CODE ANN. § 551.142(a) (providing a cause of action for statutory violations regarding open meeting requirements); TEX. LOC. GOV'T CODE ANN. § 252.061 (providing a cause of action for statutory violations regarding the purchasing and contracting authority of municipalities). The underlying facts are not seriously in dispute, and the majority's opinion turns on its interpretation of the relevant statutory schemes. I have already explained the majority's errors in detail in my dissent and will only provide a summary here in connection with my vote for en banc reconsideration.

"En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary

2

circumstances require en banc consideration." TEX. R. APP. P. 41.2(c). Courts have discretion to determine whether en banc review is "necessary" in each case. *Chakrabarty v. Ganguly*, 573 S.W.3d 413, 415–16 & n.4 (Tex. App.—Dallas 2019, no pet.) (en banc) (stating that the standard for en banc review is sufficiently broad to afford a court the discretion to consider a case en banc when the circumstances require and the court votes to do so); *see also Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 708 n.1 (Tex. 2003) (per curiam).

This case demands en banc reconsideration under the foregoing standard.

## II.    TOMA

Under TOMA, "[e]very regular, special, or called meeting of a governmental body shall be open to the public," unless otherwise provided by the Texas Government Code. TEX. GOV'T CODE ANN. § 551.002; *Standley v. Sansom*, 367 S.W.3d 343, 354 (Tex. App.—San Antonio 2012, pet. denied). TOMA's purpose is "to enable public access to and to increase public knowledge of government decision[-]making." *City of San Antonio v. Fourth Ct. of Apps.*, 820 S.W.2d 762, 765 (Tex. 1991) (orig. proceeding); *see Standley*, 367 S.W.3d at 354. It was enacted to provide "openness at every stage of the deliberations" undertaken by a governmental body. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990) ("The executive and legislative decisions of our governmental officials as well as the underlying reasoning must be discussed openly before the public rather than secretly behind closed doors."); *see Terrell v. Pampa Indep. Sch. Dist.*, 572 S.W.3d 294, 298 (Tex. App.—Amarillo 2019, pet. denied). As stated succinctly by one of our sister courts, it "was promulgated to encourage good government by ending, to the extent possible, closed-door sessions in which deals are cut without

public scrutiny." *Save Our Springs All., Inc. v. Lowry*, 934 S.W.2d 161, 162 (Tex. App.—Austin 1996, orig. proceeding) (citing *Cox Enters., Inc. v. Bd. of Trs. of the Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986) ("The Act is intended to safeguard the public's interest in knowing the workings of its governmental bodies.")); *see Tarrant Reg'l Water Dist. v. Bennett*, 453 S.W.3d 51, 56 (Tex. App.—Fort Worth 2014, pet. denied). TOMA's provisions should be liberally construed in favor of open government in order to fulfill the statutory purpose. *See Foreman v. Whitty*, 392 S.W.3d 265, 271 (Tex. App.—San Antonio 2012, no pet.); *Willmann v. City of San Antonio*, 123 S.W.3d 469, 473 (Tex. App.—San Antonio 2003, pet. denied).

The majority opinion in this case fails to correctly apply these tenets as a result of its misreading of the statute and applicable law. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019) ("We consider issues of statutory construction de novo."); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007) ("Statutory construction is a question of law, which we review de novo.").

The majority's opinion regarding TOMA merits en banc review because it directly conflicts with our precedent. *See* TEX. R. APP. P. 41.2(c). The majority's analysis is inconsistent with our cases which recognize that TOMA provides mandamus and injunctive relief to stop, prevent, or reverse a violation or threatened violation of TOMA. *See Matagorda Cnty. Hosp. Dist. v. City of Palacios*, 47 S.W.3d 96, 102 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) ("To effectuate the policy of keeping government meetings open to the public, the legislature has allowed an 'interested person' to bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened

4

violation of [TOMA]."); *see also Port of Corpus Christi, LP v. Port of Corpus Christi Auth. of Nueces Cnty.*, No. 13-19-00378-CV, 2021 WL 2694772, at *7 n.5 (Tex. App.—Corpus Christi–Edinburg July 1, 2021, no pet. h.) (mem. op.).

The majority's opinion regarding TOMA also merits en banc review because it presents extraordinary circumstances. *See* Tex. R. App. P. 41.2(c). The allegations regarding the City's repeated failures to comply with TOMA implicates the public's interests in government transparency. *See City of San Antonio*, 820 S.W.2d at 765; *Acker*, 790 S.W.2d at 300; *Standley*, 367 S.W.3d at 354. In this regard, TOMA's provisions inure to the benefit of the general public, not merely the litigants at issue: "The intended beneficiaries of the Act are not individual citizens, such as the particular landowners affected by [the alleged wrongful act], but members of the interested public." *City of San Antonio*, 820 S.W.2d at 765; *see City of Donna v. Ramirez*, 548 S.W.3d 26, 34 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied). The City's failure to adhere to the tenets of TOMA and its engaging in closed-door decision-making, as alleged in this case and as evidenced in this record, deprives the public of its right to open government.

### III.     CHAPTER 252

Chapter 252 of the Texas Local Government Code, entitled "Purchasing and Contracting Authority of Municipalities," imposes competitive-bidding requirements for certain purchases made by municipalities. *See* Tex. Loc. Gov't Code Ann. §§ 252.001–.063. "If [a] contract is made without compliance with this chapter," Chapter 252 further provides, "it is void, and the performance of the contract, including the payment of any money under the contract, may be enjoined" by, as relevant here, "any property tax paying

resident of the municipality." *Id.* § 252.061; *see City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 532 (Tex. App.—Austin 2014, no pet.).

I disagree with the majority's conclusions regarding Chapter 252 for the reasons stated in my dissent. *See City of Brownsville*, 2021 WL 1804388, at \*\*15–18. I believe that the majority opinion fails to properly apply and adhere to Texas Supreme Court precedent and this Court's opinions regarding the correct standard of review for a temporary injunction. Because this failure is particularly evident with regard to the Chapter 252 allegations, I would conclude that there are extraordinary circumstances requiring en banc reconsideration with respect to those allegations. *See* TEX. R. APP. P. 41.2(c).

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 555 (Tex. 2016); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Burkholder v. Wilkins*, 504 S.W.3d 485, 491 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *Sargeant v. Al Saleh*, 512 S.W.3d 399, 408 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (combined appeal & orig. proceeding [mand. denied]). We do not review or decide the underlying merits. *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017); *Butnaru*, 84 S.W.3d at 204; *InterFirst Bank San Felipe v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam); *Super Starr Int'l, LLC v. Fresh Tex. Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see also Magellan Terminal Holdings, L.P. v. Vargas*, No. 13-19-00354-CV, 2021 WL 79351, at \*2 (Tex. App.—Corpus Christi–Edinburg Jan. 7, 2021, no pet.) (mem. op.) (explaining that the purpose of a temporary injunction "is to preserve the status quo of the litigation's subject matter pending a trial on the merits," it "may not be used to obtain an advance

6

ruling on the merits," and the court "will decline to reach arguments as to the merits of the case"); *Cameron Cnty. v. Valley Sandia, Ltd. Co.*, No. 13-16-00324-CV, 2018 WL 1542428, at **1–2 (Tex. App.—Corpus Christi–Edinburg Mar. 29, 2018, no pet.) (mem. op.) (stating that temporary injunctions preserve the status quo pending trial on the merits and a "ruling on temporary injunctive relief may not be used to obtain an advance ruling on the merits").

Here, the majority's ruling did not address or preserve the status quo and instead, as discussed in my dissent, *see City of Brownsville*, 2021 WL 1804388, at **13–14, leapt to an improvident and premature decision on the merits. This form of analysis disregards the correct standard of review, directly conflicts with precedent, and has the potential to unfairly skew the correct analysis in future cases.

## IV.   CONCLUSION

For the foregoing reasons, I respectfully dissent from the Court's denial of appellees' motion for en banc reconsideration.

GINA M. BENAVIDES
Justice

Memorandum Opinion Dissenting To Denial Of Motion For En Banc Reconsideration joined by Chief Justice Contreras.

Delivered and filed the
19th day of August, 2021.

7